HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIEAST BACKMON, an individual, | CASE NO. 2:24-cv-01420-RAJ |
| Plaintiff, | ORDER |
| v. | |
| DARDEN CORPORATION, a foreign profit corporation doing business as Olive Garden; and DARDEN CONCEPTS, INC., a foreign profit corporation doing business as Olive Garden, | |
| Defendants. | |

THIS MATTER comes before the Court on Emery Reddy, PLLC's Motion for Leave to Withdraw as Plaintiff's Counsel (the "Motion," Dkt. # 17). Counsel for the Plaintiff filed two declarations in support of the Motion. Dkt ## 18, 20. No Defendant has filed any response or opposition to the Motion. The Motion provides that the relationship between Plaintiff and Plaintiff's Counsel "has deteriorated to the point that it has irreparably undermined counsel's ability to represent Plaintiff." Dkt. # 17 at 1.

ORDER - 1

Courts consider several factors in "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014). Counsel represents that his disagreements with Plaintiff over the prosecution of Mr. Backmon's claims are "insurmountable" and have persisted for several months, despite attempts at resolution through "countless" emails and phone calls. Dkt. # 18 ¶¶ 5–6. Counsel explains that his firm is "no longer able to communicate productively with Mr. Backmon regarding his claims" and accordingly "cannot adequately represent [Plaintiff's] interests moving forward." *Id.* ¶¶ 7–8. The Court concludes that counsel's representations constitute valid reasons for seeking withdrawal. *See* Wash. Rules of Prof'l Conduct R. 1.16(a), cmt. 3 ("[A] lawyer's statement [to the court] that professional considerations require termination of the representation ordinarily should be accepted as sufficient" justification for withdrawal). Additionally, because this action has been stayed indefinitely to allow the parties to proceed with arbitration, no prejudice, harm to the administration of justice, or undue delay will result from granting the Motion. Dkt. # 17 at 2–3; *see Jinni Tech, Ltd. v. RED.com, Inc.*, No. C17-0217JLR, 2019 WL 2578591, at *3 (W.D. Wash. June 24, 2019) (finding no harm or delay where case has been stayed).

As required by the local rules, counsel has certified service of the Motion and the supporting declarations to both his client and opposing counsel. Dkt. ## 18 ¶ 13 & 20 ¶ 4; *see* Local Rules W.D. Wash. LCR 83.2(b)(1). Counsel has also provided the Court with Plaintiff's address and telephone number. Dkt. ## 18 ¶ 12 & 20 ¶ 3; *see*

LCR 83.2(b)(1). The Court therefore **ORDERS** that Emery Reddy, PLLC's Motion for Leave to Withdraw as Plaintiff's Counsel is **GRANTED**.

Counsel represents that Plaintiff is "well-positioned" to proceed *pro se* in this matter. Dkt. # 18 ¶ 10. Although the Court encourages Plaintiff to seek new counsel, the Court advises Plaintiff that he remains responsible for pursuing his claims, including meeting Court deadlines and complying with the Court's local rules. Plaintiff will find resources for *pro se* parties, including the Court's local rules, at the Court's website, www.wawd.uscourts.gov. If Plaintiff does not comply with Court rules and deadlines, it is possible that the Court will dismiss the case as a consequence.

The Clerk shall update the docket to include the following address for Plaintiff, and shall ensure that this Order is mailed to the address below. It is Plaintiff's obligation to update the Court with any change in address.

> Tieast Backmon
> 9314 Clarke Cove, Apt. 1
> Converse, TX 78109
> (803) 878-0874
> Email: t.r.backmon@gmail.com

Dated this 13th day of November, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3